IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **NICHOLAS B. GERMANN (dba PRECISION MARKSMANSHIP TECHNOLOGIES),** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | Case No. 2:21-cv-583-DAK-CMR |
| vs. | Judge Dale A. Kimball |
| **CMMG, INC.,** | Magistrate Judge Cecilia M. Romero |
| **Defendant.** | |

This matter is before the court on Defendant CMMG, Inc.'s Motion to Dismiss or, In the Alternative, Motion to Transfer Venue [ECF No. 16]. On February 10, 2022, the court held a hearing on the motion. At the hearing, Chad S. Pehrson and Michele Myer represented Plaintiff and Mark M. Bettilyon and Brett J. Davis represented Defendant CMMG. The court took the motion under advisement. After carefully considering the memoranda filed by the parties and the law and facts relevant to the pending motion, the court issues the following Memorandum Decision and Order.

BACKGROUND

This is a trademark infringement action relating to Plaintiff's federally-registered trademark BANSHEE, which is used in connection with firearms. Plaintiff Nicholas B. Germann is a sole proprietorship of a firearms business doing business as Precision Marksmanship Technologies in Alabama. Germann holds the BANSHEE registration, U.S. Reg. No. 6,159,724, in his own name. He alleges that CMMG, a Missouri corporation with its principal place of business in Boonville, Missouri, is infringing his trademark. Germann alleges that he has used

1

the BANSHEE mark in commerce throughout the United States continuously since March 2017 in connection with the development, manufacture, distribution, provision, offering for sale, sale, marketing, advertising, and promotion of firearms.  In February 2017, Germann officially announced the Banshee line of AR-based rifles with a lifetime guarantee and a premium barrel made of exotic material.  Germann alleges that as a result of his efforts, the BANSHEE mark has come to signify a high quality of goods and acquired distinction, reputation, and goodwill belonging to Germann.

Germann states that after he acquired protectable exclusive rights in the BANSHEE mark, CMMG adopted and began using in U.S. commerce a mark identical to Germann's BANSHEE mark.  Specifically, CMMG offers a custom order firearm direct from their website, titled the Banshee.  Germann alleges that the mark CMMG has adopted and used is identical to Germann's Mark.  Germann brought the present action, asserting four causes of action against CMMG for trademark infringement and unfair competition under the Lanham Act and Utah law.  All four of Germann's claims allege likelihood of confusion regarding CMMG's alleged use of BANSHEE.

CMMG asserts that the only clear connection between Germann, the State of Utah, and this lawsuit is that his counsel is located here.  While Germann alleges that CMMG infringed his trademark throughout the Untied States, CMMG states that Germann does not allege specific connections to Utah.  Germann, however, asserts that his Complaint adequately alleges that the mark is being used throughout the United States.  Germann also contends that CMMG is subject to personal jurisdiction in Utah and submitted a declaration that CMMG makes sales of infringing products to Utah residents and has ongoing relationships with at least 21 dealers in Utah, each of which has sold CMMG's infringing products and currently offer CMMG's products for sale.

## DISCUSSION

## CMMG's Motion to Dismiss or Transfer

**1. 12(b)(6) Motion to Dismiss Trademark Infringement and Unfair Competition Claims under the Lanham Act and Utah State law**

CMMG argues that Germann's Complaint fails to state a claim under the Lanham Act and Utah law because there are no well-pleaded factual allegations that demonstrate that there is a likelihood of confusion in Utah or any other market. Because trademark infringement and unfair competition claims have similar elements, courts frequently analyze them together. To adequately state a claim for trademark infringement under the Lanham Act, a plaintiff must allege that it (1) owns a valid, protectable trademark; (2) the defendant used the trademark in commerce without the plaintiff's consent; and (3) the defendant's use of the trademark creates a likelihood of confusion. *See* 15 U.S.C. § 1114(1)(a); *Utah Lighthouse Ministry v. Found. for Apologetic Info & Research*, 527 F.3d 1045, 1050 (10th Cir. 2008). "[B]ecause '[t]rademark infringement is a type of unfair competition . . . the two claims have virtually identical elements' and can be 'properly addressed together.'" *Skullcandy, Inc. v. Filter USA, Inc.*, 2:18-CV-748-DAK, 2019 WL 2568010, *4 (D. Utah June 21, 2019) (quoting *Utah Lighthouse Ministry*, 527 F.3d at 1050). In addition, the elements of trademark infringement under Utah state law mirror those required for trademark infringement and unfair competition under the Lanham Act. *Id.* Accordingly, the central inquiry in trademark infringement and unfair competition under state and federal law is the "likelihood of consumer confusion." *Id.*

CMMG argues that Germann's Complaint is missing a specific explanation of where the alleged infringement is taking place and that there can be no likelihood of confusion if a plaintiff and the defendant are not actually operating in the same market area. The seminal case on this

issue is *Dawn Donut*, which found that the issuance of an injunction was not warranted because the plaintiff and defendant used the mark in distinct and separate markets, there were no prospect that the plaintiff would expand its use of the mark into defendant's trading area, and thus there was no likelihood of public confusion from the concurrent use of the marks. *Dawn Donut Co. v. Hart's Food Stores, Inc.*, 267 F.2d 358, 365 (2d Cir. 1959). Importantly, however, the *Dawn Donut* decision was made in the procedural posture of a pending motion for an injunction. *Id.* The district court had made findings regarding the plaintiff's use and disuse of the mark within the disputed market. *Id.* CMMG relies on *Dawn Donut* for the level of detailed allegations that are required in a plaintiff's complaint, but the *Dawn Donut* court did not address or discuss the level of detail required in a party's pleading.

Although the Complaint in this case fails to specifically allege that Germann's company PMT and CMMG are concurrently using the BANSHEE mark in Utah. The Complaint states that both parties are using the mark "throughout the United States." Germann alleges that he has used the BANSHEE mark in commerce throughout the United States continuously since March 2017 in connection with the development, manufacture, distribution, provision, offering for sale, sale, marketing, advertising, and promotion of firearms. Germann also alleges that after he acquired protectable exclusive rights in the BANSHEE mark, CMMG adopted and began using in U.S. commerce a mark identical to Germann's BANSHEE mark and offers a custom order firearm direct from their website, titled the Banshee.

The *Dawn Donut* court recognized that the Lanham Act "affords nationwide protection to registered marks, regardless of the areas in which the registrant actually uses the mark." *Id.* at 362. The Lanham Act makes the "certificate of registration evidence of the registrant's exclusive right to use the mark in commerce," which is defined "to include all the commerce which may

lawfully be regulated by Congress." *Id.* The allegations in Germann's Complaint state that both parties are using the BANSHEE mark in relation to firearms throughout the United States. The Lanham Act provides Germann nationwide protection of his registered mark. On a motion to dismiss, this court is not weighing evidence on the specific scope of the parties' use of their marks like the *Dawn Donut* court did for purposes of hearing and determining an injunction. This court is determining whether the allegations of the Complaint are sufficient. Germann alleges that not only are both parties are using the mark throughout the United States, CMMG uses the mark on its website to enable customers to buy custom firearms. CMMG's website is obviously accessible throughout the United States and could cause confusion anywhere Germann is using the mark. CMMG asks the court to determine that Germann is not really using his mark throughout the United States because he is a sole proprietor. However, the court cannot discount Germann's allegation based solely on CMMG's opinion as to how far a sole proprietor can conduct business. Given the scope of the internet, a sole proprietor could have a nationwide market. Asking the court to surmise these facts in favor of the moving party is improper. The parties can address issues, such as market overlap and customer confusion, in discovery.

      Tenth Circuit precedent states that to allege claims of trademark infringement and unfair competition a plaintiff must allege some facts that are likely to cause confusion when taken as a whole. *Alfwear, Inc. v. Kulkote, LLC*, No. 2:19-CV-27, 2020 WL 4001242, at *3 (D. Utah July 15, 2020). Germann is required to plead only that CMMG used a similar mark that is likely to confuse consumers. *1-800-Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1238 (10th Cir. 2013). Moreover, likelihood of consumer confusion should not be conclusively determined on a motion to dismiss. *Id.* Dismissal is not warranted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *ITN*

*Flix, LLC v. Univision Television Group, Inc.*, 259 F. Supp. 2d 1300, 1304 (D. Utah 2017).

Here, Germann pled that he has a registered, protectable mark for firearms, CMMG is selling firearms under an identical mark, and CMMG's use of the mark is likely to confuse consumers. Because Germann alleges that his mark is used throughout the country in connection with its products, the territorial scope of his trademark rights is nationwide, including Utah. Where a plaintiff includes in the complaint that its mark is used throughout the country, "Plaintiff has stated a sufficient trademark infringement claim." *Nat'l Staffing Sols., Inc. v. Nat'l Staffing Specialists, LLC*, No. 2:20-CV-534, 2020 WL 6149916, at *5 (D. Utah Oct. 20, 2020).

For purposes of his state law claims, CMMG argues that Germann must allege that his firearms are sold or transported in commerce in the state. Utah Code Ann. § 70-3a-103(2)(a)(ii). But again, Germann has alleged that he uses the mark throughout the United States, and Utah is a part of the United States. There is no basis for the court to disbelieve that allegation for purposes of determining a motion to dismiss, and that factual allegation is sufficient to survive a motion to dismiss. CMMG's contentions are questions of fact for discovery, not grounds for dismissal. The court, therefore, concludes that Germann has sufficiently pled his trademark claims under Utah law.

Accordingly, the court denies CMMG's motion to dismiss Germann's Trademark Infringement and Unfair Competition Claims under the Lanham Act and Utah State law.

2. **Venue**

CMMG moves, in the alternative, for the court to find that Utah is an improper venue for this action. Under §1392(b)(2), an action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." CMMG argues that Germann cannot base his venue arguments on the assertion that a substantial part of the events

giving rise to his claims occurred in this District because the Complaint failed to plead any use by Germann of the Banshee mark in Utah and CMMG's sales in Utah do not support an allegation of concurrent use.

On a motion to dismiss, the court assumes that the well-pleaded allegations in the Complaint are true. Although CMMG contends that Germann's allegations are conclusory and not well-pleaded, the court disagrees.   Germann has pled that he uses his mark throughout the United States, and CMMG also uses an identical mark throughout the United States.   Germann also alleges that CMMG sells guns with the infringing mark directly through its website, which is obviously accessible in Utah to Utah residents.   CMMG's repeated contention that neither party is based in Utah is irrelevant.   Germann's allegations establish venue in Utah.   Accordingly, CMMG's motion to dismiss for improper venue under FRCP 12(b)(3) necessarily fails.

In the alternative to dismissing the case for improper venue, CMMG further argues that the court should transfer the case to the U.S. District Court for the Western District of Missouri, where CMMG is located.   CMMG acknowledges that it bears the burden for showing that transfer is warranted.   Although this case could have been brought in the Western District of Missouri because that is CMMG's principal place of business, CMMG has not demonstrated that the competing equities weigh in favor of adjudicating the case in that district.

The court has concluded that Germann sufficiently pled that events giving rise to the claims occurred in this district.   Therefore, Germann's choice of forum should be disregarded in only limited circumstances.   "Unless the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed." *Lutron Elecs. v. Crestron Elecs.*, No. 2:09-CV-707, 2010 US Dist. LEXIS 37124, at *7-8 (D. Utah Apr. 13, 2010).   Despite CMMG's contentions otherwise, this is not a case where the defendant has no connection to the forum.   CMMG has 21

dealers and accompanying sales in Utah. CMMG did not aver that any of its proposed witnesses were unwilling to attend trial or would require compulsory process. If a witness is an employee of the defendant, issues of compulsory process are of less significance. Additionally, CMMG has not shown any issue refuting ease of access to its documents. CMMG's electronic documents are easily transferable and accessible anywhere. Either court can enforce a judgment, a fair trial can be conducted in both forums, and both districts are well equipped to handle disputes of this nature. CMMG has not demonstrated that shifting the inconvenience to Germann to litigate in Missouri is sufficient to require transfer. The court, therefore, gives Germann's choice of forum deference and denies CMMG's motion to transfer venue.

## CONCLUSION

Based on the above reasoning, Defendant CMMG's Motion to Dismiss or, In the Alternative, Motion to Transfer Venue [ECF No. 16] is DENIED.

DATED this 18th day of March, 2022.

BY THE COURT

DALE A. KIMBALL
United States District Judge